IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN O. BOOK,

    Petitioner,          CASE NO. 2:10-CV-1081
                           JUDGE GRAHAM
    v.                      MAGISTRATE JUDGE ABEL

BRIAN COOK, WARDEN,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, Respondent's Return of Writ and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Fourth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On January 26, 2009, Deputy Bradley E. Parrett was on patrol in southwestern Ross County. The weather was cold and snowy, and Parrett noticed a truck stopped along the edge of the road at a stop sign. The deputy stopped his car to investigate. As he approached the vehicle, he noticed a female asleep in the passenger seat of the car. She told the deputy that the car had broken down, and the driver had gone for help.
>
> The deputy called for backup and then started looking for the driver. He saw the driver exit a private drive near the parked truck. He recognized Book. Book was wearing work clothes, and the deputy noticed a strong smell of anhydrous ammonia emanating from Book. The deputy immediately arrested Book. The deputy later followed Book's footprints to an anhydrous ammonia tank owned by Mike Corcoran. The deputy also found an aluminum cylinder, a valve top, a glass jar, and a wrench, apparently discarded near the footprint trail.

> Sergeant Kevin Pierce tested the objects for the presence of ammonia. Of those objects found, the glass jar tested positive for ammonia.
>
> At trial, Major Randy Sanders of the Ross County Sheriff's Department described the bourbon or bucket method of fabricating methamphetamine. In this particular method, many of the ingredients are put in a container in one location. Later, an additional process is used to separate out the methamphetamine. Among other ingredients, Sanders testified that this and other methods require anhydrous ammonia and lithium, and he testified that the lithium was commonly taken from batteries.
>
> Sanders also indicated that the police obtained a search warrant for Book's vehicle. In the vehicle, the police found casings of lithium batteries which had been tampered with to remove the lithium. They also found two empty blister packs of pseudoephedrine. The blister packs should have held 48 tablets. The police found a drug store receipt that indicated someone had purchased pseudoephedrine on January 26, 2009, which was the same day as the arrest. Finally, the police found several glass jars as well as Teflon and duct tape.
>
> Sanders testified that he interrogated Book later at the jail. And he indicated that Book told him the following: "First he told me that he had just went acrossed [sic] the road there to use a phone at a house. After talking awhile he later told me that he had went to-went across there to steal anhydrous ammonia but that the-when he got there the tank was empty and then after a while longer he admitted to me that he had thrown the items out in the snow that we had collected." Transcript at 85.
>
> The jury returned a verdict of guilty of the offense of assembly or possession of chemicals used to manufacture a controlled substance with the intent to manufacture a controlled substance in violation of R.C. 2925.041. The jury also found that Book had a prior conviction under the same section. The court sentenced Book to a mandatory five-year term of imprisonment.

*State v. Book,* 2009 WL 4021387, at *1-2 (Ohio App. 4th Dist. Nov. 19, 2009). Petitioner filed a timely appeal, in which he asserted he had been denied effective assistance of counsel because his attorney failed to properly consult with him, prepare for trial, or employ expert witnesses. *Id*. at *2. On November 19, 2009, the appellate court affirmed the judgment of the trial court. *Id*. Petitioner

did not file a timely appeal to the Ohio Supreme Court. On July 21, 2010, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal. *State v. Book*, 126 Ohio St.3d 1511 (2010).

On February 18, 2010, Petitioner filed a motion for extension of time to file an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). *Exhibit 9 to Return of Writ*. On March 19, 2010, the state appellate court denied Petitioner's motion. *Exhibits 10, 11 to Return of Writ*.

On December 20, 2010, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner's right to file a direct appeal with the Supreme Court of Ohio, to challenge his conviction, was violated by ineffective assistance of appellate counsel.
>
> 2. Petitioner was deprived of his right to the effective assistance of appellate counsel, as a result of appellate counsel's failure to provide the transcripts.
>
> 3. Petitioner's sixth Amendment right to effective assistance of counsel on direct appeal, resulting from an off record claim that appellate counsel raised.
>
> 4. The Fourth District Court of Appeals violated Petitioner's right to the effective assistance of counsel, in violation of the 6th and 14th Amendments.

It is the position of Respondent that Petitioner's claims are procedurally defaulted.

### CLAIMS ONE, TWO AND THREE

In claims one through three, Petitioner asserts he was denied effective assistance of appellate counsel because his attorney failed to provide him with a copy of his trial transcripts, failed to timely notify him of the outcome of his appeal, failed to communicate with Petitioner, and by raising off-the-record claims on direct appeal. Respondent contends that the foregoing claims are waived

3

because Petitioner failed to timely file an application to reopen his appeal under Ohio's Appellate Rule 26(B); however, Petitioner did assert in his motion for a delayed appeal with the Ohio Supreme Court that he was denied effective assistance of appellate counsel because his attorney failed to notify him of the appellate court's dismissal of his appeal, thereby preventing him from filing a timely appeal. This claim, therefore, has been preserved for federal habeas corpus review.

In *Smith v. State of Ohio Department of Rehabilitation and Corrections*, 463 F.3d 426 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit held that an attorney who fails to advise his or her client of the outcome of the appeal performs in a constitutionally unreasonable manner. *Id.* at 433-34. "[C]ounsel has a duty to inform the accused of the resolution of a proceeding in a timely fashion so that the accused retains his control over the decision to appeal." *Id* at 434. In order to establish prejudice, the defendant must demonstrate that his attorney's deficient performance actually caused the forfeiture of his appeal. *Id.* (citing *Roe v. Flores-Ortega*, 528 U.S. at 484). In assessing whether a defendant would have timely appealed but for counsel's failure to notify him of the outcome of the proceeding, the Court is to apply "a rebuttable presumption that if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is greater than the period allotted by state law for the timely filing of an appeal. . . the defendant fails to demonstrate that he" would have timely appealed. *Id*.

Here, Petitioner indicated to the Ohio Supreme Court in his motion for a delayed appeal that he learned of the appellate court's November 19, 2009, decision denying his appeal after writing to the clerk on January 12, 2010, approximately two and one half months after the dismissal of his appeal. *See Affidavit of John O. Book, Exhibit 7 to Return of Writ*. Nonetheless, Petitioner waited until May 24, 2010, more than four months later, to file his motion for a delayed appeal with the

4

Ohio Supreme Court. *Exhibit 7 to Return of Writ.* Therefore, Petitioner cannot establish prejudice from his attorney's failure. *Smith*, 463 F.3d at 484.

In any event, the record fails to support Petitioner's remaining claims of ineffective assistance of appellate counsel. Petitioner has identified no potentially meritorious issues that his attorney should have, but did not, raise on direct appeal.

Claims one through three are without merit.

## CLAIM FOUR

In claim four, Petitioner asserts that the state appellate court improperly denied his request for a continuance to file a Rule 26(B) application, and failed to *sua sponte* appoint new appellate counsel to raise on-the-record claims. Neither of the foregoing claims are appropriate for federal habeas corpus review. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986)(quoting *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Moreover, the United States Court of Appeals for the Sixth Circuit "has consistently held that errors in post conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F.3d 844, 8523 (6th Cir. 2007)(citing *Kirby v. Dutton*); *see also Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001)(same). Here, even if Petitioner's claims were to be resolved in his favor would not result in his release or reduction of time to be served or in any other way affect his detention.

Claim four is without merit.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                  s/Mark R. Abel
                                                  United States Magistrate Judge